**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM T. WEBSTER,

      Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

      Defendants.

2:09-CV-2433 JCM (LRL)

**ORDER**

    Presently before the court is defendants CBOC/Homeless Outreach's, Janet Carter's, Department of Veterans Affairs', Marcia Evans', and Eric K. Shinseki's motion to dismiss. (Doc. #34). Plaintiff responded (doc. #36), defendants replied (doc. #38), and the plaintiff filed a sur response (doc. #40). Also before the court is plaintiff William Webster's motion to transfer. (Doc. #37). Defendants responded (doc. #39), and the plaintiff replied (doc. #41).

**I.    MOTION TO DISMISS**

    Local Rule of Civil Procedure 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The instant motion to dismiss alleges that the court does not have jurisdiction to hear this case. In his response, the plaintiff concedes this point: "seeing that this Court does not have Jurisdiction over the United States Federal Defendants and their associates in this civil action. . . ." (Doc. #36, ¶ 2). The plaintiff has not only failed to respond to the motion, but has admitted that it has merit. Accordingly, the motion to dismiss is granted.

**James C. Mahan**
**U.S. District Judge**

## II. MOTION TO TRANSFER

Rather than arguing the merits of the motion to dismiss, the plaintiff requests that the case be transferred to the Court of Federal Claims. Section 1631 of Title 28 allows the court to transfer a case "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed. . . ." Accordingly, to grant the motion to transfer, the plaintiff must prove that this case could have been originally filed in the Court of Federal Claims.

As a general rule, the United States is immune from suit. *United States v. Testan*, 424 U.S. 392, 299 (1976). However, the statute governing the United States Court of Federal Claims makes an exception, granting jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

This statute does not automatically confer a right to recovery, however. *Testan*, 424 U.S. at 398. Rather, the court has jurisdiction only where the plaintiff is able to identify an independent substantive claim, mandating that the government provide compensation for the damages alleged. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). Thus, "there is no jurisdiction in the court of claims more than in any other court to entertain suits against the United States. *Testan*, 424 U.S. at 399.

### A. Claims Against The Government

#### i. Fair Housing Act (Claims Five, Six, Seven, and Eight)

A waiver of the federal government's sovereign immunity must be unequivocally expressed in the statutory text of the law upon which a plaintiff brings suit. *Cooper v. F.A.A.*, 622 F.3d 1016, 1022 (9th Cir. 2010) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)). A court is not free to imply such a waiver. *Id.* Furthermore, the terms of such consent define a court's jurisdiction to hear a suit against the government. *Testan*, 424 U.S. at 399.

Although the Ninth Circuit has not conclusively resolved the issue of whether the Fair Housing Act contains a waiver of sovereign immunity, this court agrees with the conclusion of courts

James C. Mahan
U.S. District Judge

- 2 -

1  in other circuits that it does not. *See Bennett v. N.Y. City Hous. Auth.*, 248 F. Supp. 2d 166, 170 (E.D. N.Y. 2002) (holding that the FHA does not include such a waiver); *see also Gregory v. S.C. Dept. Of Trans.*, 289 F. Supp. 2d 721, 726 (D. S.C. 2003) (holding that the FHA does not meet the "unequivocal expression standard"); *see also Boyd v. Browner*, 897 F. Supp. 590, 595 (D. D.C. 1995) (holding that the FHA does not "unambiguously waive" the government's sovereign immunity defense).

Accordingly, plaintiff's claims against the government are barred by the government's immunity from suit, and transfer to the Court of Federal Claims would be improper.

    ii.  *Constitutional Claims (Claims One, Two, and Four)*

"To recover in the United States Claims Court, a party also must demonstrate that the basis for his substantive right to recover money damages . . . specifically waives the government's sovereign immunity and authorizes suit against the United States for money damages." *Montoya v. U.S.*, 22 Cl. Ct. 568, 570 (1991). To satisfy this standard, the law must mandate payment of money as redress. *Id.* (citing *Testan*, 424 U.S. at 400). Here, the court lacks jurisdiction over plaintiff's constitutional claims because they are not money-mandating.

The first claim for relief alleges that the defendants violated plaintiff's Fourth Amendment right when they "seized and confiscated all of the Plaintiffs [sic] personal possessions, papers and effects without any warrant or legal court order to take possession of the Plaintiffs [sic] dwelling unit or his personal possessions. . . ." (Doc. #1-1, compl. ¶ 20). The Court of Federal Claims is without jurisdiction to hear this claim, because the Fourth Amendment does not mandate payment of money for its violation. *Brown v. U.S.*, 105 F.3d 621 (Fed. Cir. 1997).

The second claim for relief alleges that the defendants violated plaintiff's Fifth Amendment due process right when they "illegally took possession of the Plaintiffs [sic] personal property, possessions ,papers [sic], and effects without any Court Order for possession when the Plaintiffs [sic] rent was fully paid." (Doc. #1-1, compl. ¶ 21). Again, the Court of Federal Claims would not have jurisdiction over this claim because the Fifth Amendment does not mandate payment of money by the government. *LeBlanc v. U.S.*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

**James C. Mahan**
**U.S. District Judge**

1    Finally, the fourth claim for relief alleges that the defendants violated plaintiff's Fourteenth
2    Amendment rights "when they seized and took possession of the Plaintiffs [sic] Dwelling unit and
3    personal possessions without any due process of law. . . ." (Doc. #1-1, compl. ¶ 26) (internal
4    quotations removed). Again, the Court of Federal Claims would lack jurisdiction to hear this claim,
5    because the Fourteenth Amendment due process clause does not mandate the payment of money by
6    the government. *Del Rio v. U.S.*, 87 Fed. Cl. 536, 539 (2009).

        *iii.*    NRS 118A.480 (Claim Three)

8    In the third claim for relief, plaintiff alleges that the defendants violated plaintiff's rights
9    under NRS 118A.480, which states that a "landlord shall not recover or take possession of the
10   dwelling unit by action or otherwise, including willful diminution or interruption or causing or
11   permitting the diminution or interruption of any essential service required by the rental agreement
12   or this chapter . . ." except in specified circumstances.

13   Here, the defendants allegedly violated plaintiff's rights under this law when the director of
14   his apartment building "illegally took possession of the Plaintiffs [sic] dwelling unit(C-222) [sic]."
15   (Doc. #1-1, compl. ¶ 23). This Nevada statute does not contain a waiver of the government's right
16   to sovereign immunity. Accordingly, the Court of Federal Claims would not have jurisdiction over
17   this claim.

        *iv.*    Tort

19   "It is well settled that the Court of Federal Claims lacks jurisdiction over any and every kind
20   of tort claim." *Cottrell v. U.S.*, 42 Fed. Cl. 144, 149 (1998). In fact, the language of the statute
21   specifically states that the court only has jurisdiction "in cases *not* sounding in tort." 28 U.S.C. §
22   1491(a)(1) (emphasis added). Insofar as the plaintiff seeks to stake a claim for relief on the tort of
23   conversion, as defendants allege, the Court of Federal Claims would not have jurisdiction to
24   entertain this suit.

25       B.    <u>Claims Against Defendants In Their Individual Capacities</u>

26   The plaintiff has made allegations against the defendants in both their official and individual
27   capacities. Just as the Court of Federal Claims would not have jurisdiction over the plaintiff's claims

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

against the defendants in their official capacities, the court lacks jurisdiction over the defendants in their individual capacities.

Jurisdiction in the Court of Federal Claims is "confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court. *U.S. v. Sherwood*, 312 U.S. 584, 588 (1941) (internal citations omitted). "The Court of Federal Claims does not have jurisdiction over suits against individuals; it only has jurisdiction over suits against the United States." *Cottrell*, 42 Fed. Cl. at 148. Thus, the Court of Federal Claims could not exercise jurisdiction over defendants in their individual capacities.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion to dismiss (doc. #34) is GRANTED.    The case is hereby dismissed as to defendants CBOC/Homeless Outreach, Janet Carter, Department of Veterans Affairs, Marcia Evans, and Eric K. Shinseki.

IT IS FURTHER ORDERED that plaintiff's motion to transfer (doc. #37) is DENIED.

DATED December 16, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -