UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM T. WEBSTER,

    Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

    Defendants.

2:09-CV-2433 JCM (LRL)

**ORDER**

Presently before the court is plaintiff William T. Webster's motion for partial summary judgment on the fifth and sixth counts alleged in his complaint. (Doc. #47). Plaintiff is proceeding in *propria person*. Defendants Help USA, Inc., Laurence Belinsky, and Beverly Johnson[1] have responded (doc. #49) and plaintiff has replied (doc. #51).

The fifth count of plaintiff's complaint alleges a violation of the Fair Housing Act. Specifically, plaintiff alleges that defendants violated 42 USC § 3604(f)(1)(A), which makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to a buyer or renter because of a handicap," when they allegedly evicted him from his apartment.

The sixth count of plaintiff's complaint also alleges a violation of the Fair Housing Act. Specifically, count six alleges that defendants violated 42 USC § 3604©, which makes it unlawful to "print or publish or cause to be made, printed or published any notice, statement or advertisement with the respect to the sale or rental of a dwelling that indicates any preference, limitation or

---

[1] The remaining defendants have been dismissed from this matter.

**James C. Mahan**
**U.S. District Judge**

1  discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or
2  discrimination," when defendants allegedly transmitted to him a termination of tenancy notification
3  letter.
4        Summary judgment is appropriate when, viewing the facts in the light most favorable to the
5  nonmoving party, there is no genuine issue of material fact which would preclude summary
6  judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving
7  party bears the burden of informing the court of the basis for its motion, together with evidence
8  demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.
9  317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment
10 if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or
11 admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v.*
12 *Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56©.
13       Plaintiff's allegations center on his alleged handicap. The court finds, however, that genuine
14 issues of material fact remain as to whether plaintiff was evicted because of the handicap or for other
15 nondiscriminatory reasons.
16       Plaintiff provides no support for his allegations that defendants were motivated based upon
17 an animus towards plaintiff's handicap. To the contrary, the evidence plaintiff has produced in
18 support of his motion for partial summary judgment states that plaintiff was evicted because of the
19 "extensive damage [he caused,] not only once, but twice[,] to [his] apartment." *See* Pl.'s Mot. Partial
20 Summ. J., Ex. B. The damage allegedly "created a potential fire hazard and placed others' (sic) at
21 risk." *Id*. The termination letter concluded that this was "a safety threat/issue to other residents."
22 *Id*. Based on the record before the court, a genuine issue of fact remains regarding whether the
23 plaintiff was evicted due to a handicap or because of the alleged damage he caused to his apartment
24 unit.
25       Accordingly,
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for
2  partial summary judgment on the fifth and sixth counts of the complaint (doc. #47) be, and the same
3  hereby is, DENIED.
4   DATED September 7, 2011.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -