# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

WILLIAM T. WEBSTER,

        Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, *et al.*,

        Defendants.

2:09-cv-02433-JCM -VCF

**O R D E R**

      Before the court is defendants' Motion To Compel Answers To Discovery. (#57). Plaintiff did not file an Opposition.

      In the present motion, defendants ask this court to issue an order requiring plaintiff to provide adequate answers to defendants' interrogatories. (#57). Further, they assert that they are "entitled to reimbursement from [p]laintiff for the reasonable expenses incurred in making this [m]otion." *Id.*

      On July 7, 2011, defendants issued interrogatories to plaintiff. (#57 Exhibits B, C, and D). The plaintiff's handwritten responses consisted of "N/A" or "Refer to Partial Summary Judgment Motion." *Id.* Defendants assert that in a good faith effort to resolve the discovery issues, the parties conferred, and the plaintiff agreed to supplement his responses no later than September 2, 2011. (#57). However, on September 7, 2011, plaintiff wrote defendants stating that he would not supplement his responses. (#57 Exhibit A). Therefore, defendants contend, they had no choice but to file the present motion. (#57).

      Since plaintiff has not filed an opposition to the motion, granting the motion and ordering plaintiff to answer the interrogatories is warranted. Local Rule 7-2(d)("[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting

of the motion."). As discussed below, compelling plaintiff is also appropriate because the defendants' motion to compel (#57) has merit.

Pursuant to Federal Rule of Civil Procedure 33, a party may serve interrogatories on any other party. In responding, each interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). If the responding party wishes to object, however, he must state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4). Pursuant to Rule 37(a)(3)(B)(iii), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party failed to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). Further, Rule 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

In response to the defendants' interrogatories, plaintiff did not state an objection to any of the interrogatories and did not "answer[] each separately and fully." Fed. R. Civ. P. 33(b)(3) and (b)(4). Rather, the plaintiff merely responded with "N/A" or "Refer to Partial Summary Judgment Motion." The court finds that plaintiff's "incomplete...answer[s]" amount to a "failure to respond." Fed. R. Civ. P. 37(a)(4). Thus, the court will compel plaintiff to provide defendants with responses to the interrogatories that are "separately and fully [answered] in writing under oath," that do not reference any other motion or document, and, in the event an objection is warranted, that "state the grounds for the objection with specificity." Fed. R. Civ. P. 33(b)(3) and (b)(4). .

With regards to defendants' request for "reimbursement" for reasonable costs, as plaintiff is appearing *pro se,* the court will not award costs at this time. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.). However, as the plaintiff has chosen to proceed *pro se*, he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. . . .

See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that pro se parties are not excused from following the rules and orders of the court).

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion To Compel Answers To Discovery (#57) is GRANTED. Plaintiff shall provide the defendants with full and complete supplemental answers to their interrogatories on or before November 30, 2011.

DATED this 26th day of October, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**