UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:09-CV-2433 JCM (LRL)

WILLIAM T. WEBSTER,

      Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

      Defendants.

**ORDER**

Presently before the court is plaintiff William T. Webster's motion for partial summary judgment on the fifth and sixth counts alleged in his complaint. (Doc. #47). Plaintiff is proceeding in *propria person*. Defendants Help USA, Inc., Laurence Belinsky, and Beverly Johnson[1] have responded (doc. #49) and plaintiff has replied (doc. #51).

Also before the court is the Report and Recommendation of Magistrate Judge Cam Ferenbach (doc. #75) regarding defendants' motion for sanctions (doc. #69). Plaintiff has filed an objection (doc. #76) and defendants have filed a response (doc. #77).

**I.  Background**

On April 20, 2010, plaintiff filed his complaint against several defendants asserting violations of the Fair Housing Act, 42 U.S.C. § 3601, the Fourth, Fifth, and Fourteenth Amendments, and Nevada Revised Statute 118A.480. (#6). The federal defendants were subsequently dismissed, and Laurence Belinsky, Beverly Johnson, and HelpUSA, Inc. are the only remaining defendants. (Doc.

---

[1] The remaining defendants have been dismissed from this matter.

**James C. Mahan**
**U.S. District Judge**

1  #69). Plaintiff's allegations are as follows: plaintiff was a tenant at the Bonanza View housing
2  facility, which is funded by the Veteran's Association (hereinafter "VA") and provides housing for
3  homeless and/or recovering veterans. (Doc. #6). On November 28, 2009, the sprinkler system in
4  plaintiff's apartment ruptured due to plaintiff putting a putty like substance in the sprinkler holes.
5  (Docs. #6 and #69). Plaintiff was forced to vacate his apartment, but was able to return on
6  November 29, 2009. (Doc. #6). On November
7  30, 2009, four individuals came into plaintiff's apartment to inspect the unit, and informed plaintiff
8  that the director of the apartments was going to issue him a five-day eviction notice. *Id.* The director
9  stated that she no longer wanted plaintiff as a resident, and ordered a staff member to seize all of
10  plaintiff's personal belongings. *Id.* Plaintiff agreed to a psychiatric evaluation, and at the conclusion
11  of the examination, the physicians told plaintiff that "they recommended he be immediately released
12  to return to his apartment." *Id.* On December 3, 2009, plaintiff was presented with a letter from the
13  Department of Veteran's Affairs, advising him that he would not be readmitted into Bonanza View
14  because he was "no longer suitable for VA Transitional Housing." *Id.*

15      The fifth count of plaintiff's complaint alleges a violation of the Fair Housing Act.
16  Specifically, plaintiff alleges that defendants violated 42 USC § 3604(f)(1)(A), which makes it
17  unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling
18  to a buyer or renter because of a handicap," when they allegedly evicted him from his apartment.

19      The sixth count of plaintiff's complaint also alleges a violation of the Fair Housing Act.
20  Specifically, count six alleges that defendants violated 42 USC § 3604(c), which makes it unlawful
21  to "print or publish or cause to be made, printed or published any notice, statement or advertisement
22  with the respect to the sale or rental of a dwelling that indicates any preference, limitation or
23  discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or
24  discrimination," when defendants allegedly transmitted to him a termination of tenancy notification
25  letter.

26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Discussion

### (1) Motion for Summary Judgment

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

Plaintiff's allegations center on his alleged handicap. The court finds, however, that genuine issues of material fact remain as to whether plaintiff was evicted because of the handicap or for other nondiscriminatory reasons.

Plaintiff provides no support for his allegations that defendants were motivated based upon an animus towards plaintiff's handicap. To the contrary, the evidence plaintiff has produced in support of his motion for partial summary judgment states that plaintiff was evicted because of the "extensive damage [he caused,] not only once, but twice[,] to [his] apartment." *See* Pl.'s Mot. Partial Summ. J., Ex. B. The damage allegedly "created a potential fire hazard and placed others' (sic) at risk." *Id.* The termination letter concluded that this was "a safety threat/issue to other residents." *Id.* Based on the record before the court, a genuine issue of fact remains regarding whether the plaintiff was evicted due to a handicap or because of the alleged damage he caused to his apartment unit.

### (2) Report and Recommendation

The magistrate judge recommends dismissal of the complaint as a case terminating sanction due to plaintiff's refusal to obey court orders and comply with his discovery obligations. Plaintiff's objection to the report and recommendation consists of unsupported accusations that the magistrate

James C. Mahan
U.S. District Judge

- 3 -

1  judge is impartial, has abused his discretion, and provided a recommendation that is contrary to law.
2  Similar to the unsupported accusations underlying the complaint, *see* discussion of plaintiff's motion
3  for summary judgment, *supra*, plaintiff has failed to support any of the accusations he now lodges
4  against the magistrate judge.

5  After reviewing the magistrate judge's report and recommendation, and the discussion therein
6  regarding the factors relevant to determining whether case dispositive sanctions are appropriate, this
7  court finds itself in agreement with the magistrate judge's recommendation.

8  Accordingly,

9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for
10  partial summary judgment on the fifth and sixth counts of the complaint (doc. #47) be, and the same
11  hereby is, DENIED.

12  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the report and
13  recommendation of Magistrate Judge Cam Ferenbach (doc. #75) regarding the dismissal of
14  plaintiff's complaint be, and the same hereby is, adopted in its entirety.

15  IT IS THEREFORE ORDERED that plaintiff's complaint be, and the same hereby is,
16  DISMISSED with prejudice.

17  The clerk of the court shall enter judgment for defendants and against plaintiff accordingly.
18  DATED April 18, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -